MARTHA RAINER v. H. P. COOPER et al.

DEMURRER TO EVIDENCE, *Error to Sustain.* It is reversible error for the trial court to sustain a demurrer to the evidence of the plaintiff when there is some evidence tending to prove every material fact necessary for a recovery.

*Error from Pratt District Court.*

THE opinion states the case.

*John A. Oliphant,* for plaintiff in error.

*E. A. Austin,* for defendants in error.

Opinion by SIMPSON, C.: On the 2d day of July, 1885, the plaintiff in error bought from one M. Sanders two frame

buildings situate on lot 11, block 32, in the town of Saratoga, Pratt county. Sanders executed the following instrument in writing, and delivered it to the plaintiff in error:

"SARATOGA, PRATT COUNTY, KANSAS, July 2, 1885.— This is to certify that I, M. Sanders, have this day sold and transferred to Martha Rainer, for the sum of two hundred and fifty dollars, the receipt of which is hereby acknowledged, the following buildings, to wit: the two buildings now situated on lot No. 11, in block 32, Saratoga, Pratt county, Kansas, the same to be removed from said lot immediately.
    [Signed]                      M. SANDERS."

On the 6th day of August, 1885, Sanders sold the lot to G. A. Sears, reserving the buildings for Mrs. Rainer. Sanders subsequently made an additional sale of the lot to the defendant in error, H. P. Cooper; the exact date of this transaction is not given in the record, but Cooper did not comply with the conditions, and therefore never became the owner of the lot. The plaintiff in error sometime during the month of August, and probably on the 4th, attempted to remove one of the buildings to Pratt Center, but it was burned in the streets of Saratoga; whom by, the record does not disclose. The same evening the other building was moved from the lot and placed in the northeast part of the town of Saratoga, where it was occupied by one D. G. Gibbons. There is no evidence in the record tending to show directly by whom the removal of this building was made. In May, 1886, Martha Rainer, the plaintiff in error, commenced this action in the district court of Pratt county against M. Sanders, G. A. Sears, H. P. Cooper, W. F. Gibbons and D. G. Gibbons. Her petition attempts to set up two causes of action. The first alleges her purchase of the buildings from Sanders, and that the defendants in the month of August, 1885, took forcible possession of the same, and appropriated it to their use and benefit, and that its value was five hundred dollars. In her second cause of action she alleges that, at the time defendants so took possession of the building and appropriated it to their own use, she had made

an arrangement to have the said buildings removed to Pratt Center, at which place she had been given a valuable lot on Main street on which to place it; that said lot was of the value of $600; that said lot was given her upon the express condition that she would remove this building from Saratoga and place it upon said lot; that, by reason of the appropriation of said building by these defendants to their own use, she was unable to comply with the conditions, and she was damaged by reason thereof in the sum of $600. The defendants demurred to the petition on the ground that it did not state a cause of action in the first or the second count. The demurrer was sustained as to the second cause of action attempted to be stated in the petition, and overruled as to the first. Finally the action was dismissed as to all the defendants below except Cooper, and a judgment was rendered in his favor. He interposed a demurrer to the evidence of the plaintiff below that was sustained. The cause is brought here for review, and we are asked to reverse the judgment below because the demurrer to the evidence of the plaintiff below was erroneously sustained, on the theory that by the written contract of the purchase of the buildings in controversy by plaintiff of the defendant, Sanders, the plaintiff was to remove the same immediately, and her failure to do so for the period of thirty-five days, and no excuse being given for such delay, prevents her from recovering against either of the defendants.

It is claimed now that by reason of Cooper failing to comply with the terms of his purchase of the lot he never acquired any interest in the building, and, as Sanders did not insist or plead the delay in the removal of the building, Cooper alone cannot take any advantage of it. While all this may be sound, there was another reason given for sustaining the demurrer, and that was the fact that no cause of action was proved against either of the defendants; that is to say, there was no evidence tending to show who removed the building from the lot. The fact that it was removed was established. The fact that one of the defendants was in possession of the

building after removal, was established.   The fact that Cooper had made a contract for the purchase of the lot, was established.   Neither the plaintiff, nor her husband, nor any other witness that was introduced in her behalf, made any statement as to the particular individuals who removed the building from the lot.   The husband of Mrs. Rainer stated on the witness-stand that Cooper said to him that he had sold the building to Gibbons, and this was only a few days after the removal of the building.   This case was tried by the court without the intervention of the jury.   From our standpoint, it seems that Cooper's purchase of the lot with the building thereon, and his sale of the house to Gibbons, and Gibbons's occupancy so soon after removal, was some evidence tending to show a conversion by Cooper, and that the demurrer to the evidence ought to have been overruled.

It is recommended that the judgment be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.